UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOAN BRADSHAW, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:15-CV-332 SNLJ |
| ) | |
| ) | |
| MENTOR WORLDWIDE, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

In this case, plaintiffs claim they were injured by the surgical implantation of defective ObTape "pelvic mesh" due to defendant Mentor Worldwide LLC's conduct in designing, marketing, manufacturing, and distributing the ObTape pelvic mesh products. The 19 plaintiffs are citizens of Missouri, New Jersey, and several other states. Plaintiffs originally sued Mentor in the Circuit Court for the City of St. Louis, Missouri. Defendant removed the case to this Court, relying upon this Court's diversity jurisdiction, 28 U.S.C. § 1332, 1441, and 1446. Defendant Mentor is a citizen of New Jersey. Because two plaintiffs are also citizens of New Jersey, defendant simultaneously moved to dismiss those plaintiffs (#5). Plaintiffs have moved to remand (#13). This matter is fully briefed and is now ripe for disposition.

Defendant contends that the out-of-state plaintiffs' claims should be dismissed because those plaintiffs "cannot establish personal jurisdiction over Mentor in Missouri." (#6 at 2.) "To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant." *Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir.

1

1996). The court is guided by two primary rules. First, the facts alleged must satisfy the requirements of the forum state's long-arm statute. Second, the exercise of personal jurisdiction over the defendant must not violate due process. *See id.*

Here, defendant does not appear to contest that it is subject to personal jurisdiction in Missouri regarding the four Missouri plaintiffs' claims. Thus, this Court need not address whether the long-arm statute or due process is satisfied. In addition, the defendant does not suggest that the out-of-state plaintiffs' claims are significantly different from the claims of the Missouri plaintiffs except that the out-of-state plaintiffs have no contact with Missouri.

Defendant would have the Court focus on the out-of-state plaintiffs' contacts to Missouri. Relying on *DaimlerAG v. Bauman*, 134 S.Ct. 746 (2014), defendant points out that the out-of-state plaintiffs were not injured in Missouri, and they argue that activities in Missouri did not cause their injuries. However, *Daimler* involved general jurisdiction matters because the plaintiffs were foreign individuals suing an Argentinian company for acts that occurred in Argentina, but who sought to have the case heard in California based on a German parent company's business activities in California. 134 S.Ct. at 750 (considering a court's authority "to entertain a claim brought by foreign plaintiffs against a foreign defendant based on events occurring entirely outside the United States.").

Relevant here is the Supreme Court's holding that the proper focus regarding the minimum contacts necessary to create specific jurisdiction is on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S.Ct. 115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). Notably, "the proper question is not where the plaintiff experienced a particular injury or effect but

2

whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 1125.

Here, plaintiffs claim that defendant marketed, promoted, and sold their pelvic mesh product in Missouri, and that because defendant chose to enter the Missouri market and has continuously and deliberately exploited the Missouri market, it must reasonably anticipate being haled into Court here in an action based on products it marketed, promoted, and sold, and its conduct in so doing. The Missouri and out-of-state plaintiffs are properly joined, they say, because their claims arise out of the same transactions or occurrences and include common questions of law and fact, *see* Fed. R. Civ. P. 29(a)(1).

Defendants argue that the out-of-state plaintiffs cannot join in this action without showing some sort of independent personal jurisdiction over the defendant. Defendants rely on *Level 3 Commc'ns, LLC v. Illinois Bell Tel. Co.*, No. 4:13-CV-1080 CEJ, 2014 WL 50856, at *2 (E.D. Mo. Jan. 7, 2014) *order vacated in part on reconsideration*, No. 4:13-CV-1080 CEJ, 2014 WL 1347531 (E.D. Mo. Apr. 4, 2014). There, two telecommunications companies sued AT&T for breach of contract and federal laws. One plaintiff had a contract with the defendant in which the defendant consented to jurisdiction in Missouri. The other plaintiff's contract had no such consent provision. *Id.* This Court held that the second plaintiff could not establish personal jurisdiction over the defendant for its claims. *Id.* Defendant Mentor's reliance on *Level 3* fails because, here, the plaintiffs' claims all arise from the same or substantially related acts, which happened to take place in Missouri and in other states, but which squarely subject Mentor to personal jurisdiction in Missouri. The contract-based claims in the *Level 3* case, however, are not subject to the same analysis.

3

It is notable that scores of products liability cases regarding pharmaceuticals or medical devices involve similar arrangements of in-state and out-of-state plaintiffs. *See, e.g.*, *In re Prempro Products Liability Litigation*, 591 F.3d 613, 617 (8th Cir. 2010). The Court has been unable to find other cases addressing the matter of the out-of-state plaintiffs' establishment of personal jurisdiction over the defendant. However, the Eighth Circuit addressed the concept of "misjoined plaintiffs" in the *Prempro* litigation on a motion to remand, where the defendant had removed on the basis that non-diverse plaintiffs had been added for the sole purpose of defeating diversity jurisdiction. *Id.* at 620. Rather than determining the propriety of the fraudulent misjoinder doctrine, the Eighth Circuit concluded that, even if adopted, any such "misjoinder" in that action was not so egregious as to constitute fraudulent misjoinder. *Id.* at 622. The Court noted that, in light of Federal Rule of Civil Procedure 20's joinder standard and the allegations of the defendants' national sales and marketing campaigns, the claims were "logically related." *Id.* at 623. Furthermore, the litigation was likely to contain common questions of law and fact. *Id.* Thus the Eighth Circuit rejected the notion that the plaintiffs were egregiously misjoined. *Id.*

The defendants in *Prempro* might have made a personal jurisdiction argument in that case, but it was not addressed. The same appears to be so for the many other cases in which plaintiffs from different states file products liability lawsuits against a common defendant. *See, e.g.*, *Couch v. Fresenius Med. Care N. Am., Inc.*, No. 4:14-CV-955-JAR, 2014 WL 3579926 (E.D. Mo. July 21, 2014); *McGee v. Fresenius Med. Care N. Am., Inc.*, No. 4:14-CV-967 SNLJ, 2014 WL 2993755, at *3 (E.D. Mo. July 3, 2014); *Spiller v. Fresenius USA, Inc.,* No. 4:13–CV2538 (HEA), 2014 WL 294430 (E.D.Mo. Jan. 27, 2014); *Aday v. Fresenius Med. Care N. Am., Inc.,* No. 4:13–CV–2462 (CEJ), 2014 WL

169634 (E.D.Mo. Jan. 15, 2014); *Agnew v. Fresenius Medical Care North America, Inc.*, No. 4:13–CV–2468 (TCM), 2014 WL 82195 (E.D.Mo. Jan. 9, 2014); *Atwell v. Boston Scientific Corp.*, No. 4:12-CV-2363 CEJ, 2013 WL 136471, at *3 (E.D. Mo. Jan. 10, 2013). In each of those cases (and many more similar cases), this Court has granted motions to remand because diversity jurisdiction --- and therefore subject matter jurisdiction --- did not exist. The Court will do so here, as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand (#12) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss parties (#5) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for hearing (#23) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that this cause of action, in its entirety, shall be **REMANDED** to the Circuit Court for the City of St. Louis from which it was removed.

Dated this __4th__ day of June, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

5